IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WITTAYA THEERACHANON, | § | |
| | § | |
| Plaintiff Below, | § | No. 155, 2024 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| FIA CARDS SERVICES and | § | C.A. No. 2023-0536 |
| TENAGLIA & HUNT, P.A., LLP, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: April 23, 2024
Decided: May 8, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On April 2, 2024, a Court of Chancery Magistrate issued her final report under Court of Chancery Rule 144 dismissing the amended complaint filed by the plaintiff below-appellant, Wittaya Theerachanon.  In the final report, the Magistrate advised that exceptions to the report and all prior reports had to be filed within eleven days.  No exceptions have been filed.

(2)     On April 16, 2024, Theerachanon filed a notice of appeal from the Magistrate's final report in this Court.  The Clerk's Office issued a notice directing

Theerachanon to show why this appeal should not be dismissed because the Magistrate's April 2, 2024 final report had not been approved and entered as a final order of the court as provided in Court of Chancery Rule 144(c).

(3) In response to the notice to show cause, Theerachanon argues the merits of the appeal. The response does not address the jurisdictional defect.

(4) In the absence of a stipulation by the parties to submit their dispute to a Magistrate for final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacks jurisdiction to hear an appeal from a Magistrate's order.[1] The parties did not stipulate to submit their dispute to a Magistrate for a final decision. Nor has the Court of Chancery entered an order adopting the Magistrate's final report. Accordingly, this appeal must be dismissed.

---

[1] *Appleby Apartments LP v. Appleby Apartments Assocs., L.P.*, 2024 WL 851809, at *2 (Del. Feb. 29, 2024) (holding the Court lacked jurisdiction over an appeal from a Magistrate's order where the order had not been adopted by the Chancellor or a Vice Chancellor under Rule 144(c) and the parties had not stipulated to final adjudication of their matter by a Magistrate); *Timco v. Allied World*, 2023 WL 8739455, at *1 (Del. Dec. 18, 2023) (dismissing appeal from a Magistrate's dismissal order in matter in which there was no adoption of the Magistrate's dismissal order by the Chancellor or a Vice Chancellor under Rule 144(c) and there was no stipulation under 10 *Del. C.* § 350).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/Gary F. Traynor*
Justice